UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEDURA WATKINS,

    Plaintiff,

v.

    Case No. 17-cv-13940
    Hon. Matthew F. Leitman

ROBERT H. HEALY, *et al.*,

    Defendants.

_____/

### ORDER (1) DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT AND (2) TERMINATING WITHOUT PREJUDICE DEFENDANT ROBERT H. HEALY'S AMENDED MOTION TO DISMISS (ECF #21) AS MOOT

In 1976, Plaintiff Ledura Watkins was convicted of murdering a Detroit school teacher and reputed drug dealer named Yvette Ingram. Forty-one years later, in 2017, the state trial court vacated his conviction, dismissed the charges against him without prejudice, and released him from custody. Watkins thereafter filed this civil-rights action against the City of Detroit and certain individuals involved in his arrest and prosecution. Among other things, Watkins alleges that Defendant Robert H. Healy, a state court prosecutor, fabricated evidence against him and maliciously prosecuted him. Healy filed a motion to dismiss on April 26, 2018. The Court held a hearing on Healy's motion on October 17, 2018.

During the hearing on Healy's motion (and in the briefing filed in connection with that motion), Watkins expressed a desire to amend his Complaint to include, among other things, additional details concerning the evidence that Healy allegedly fabricated, a claim

1

against Healy under 42 U.S.C. § 1983 for malicious prosecution, and claims under 42 U.S.C. § 1983 against the Defendants for violating the Due Process Clause of the Fourteenth Amendment. The Court has concluded that the most appropriate way to proceed is to have Watkins make these proposed amendments and the additional amendments described below before the Court rules on Healy's motion to dismiss. Having Watkins make these amendments at this time will give the Court much greater clarity concerning the precise nature of Watkins' claims, and that clarity, in turn, will enable the Court to better assess the viability of those claims. Accordingly, the Court **DIRECTS** Watkins to file a First Amended Complaint that contains, at minimum, the amendments described below.

With respect to the fabrication-of-evidence claim in the First Amended Complaint, Watkins shall:

- Identify with specificity each individual piece of evidence that Watkins claims was fabricated;[1]
- Identify with specificity each Defendant(s) that Watkins claims fabricated each particular piece of evidence;
- Identify when and how Watkins claims that each piece of evidence was allegedly fabricated;

---

[1] By way of example, Watkins shall make clear precisely which statement(s) by Travis Herndon are the subject of his fabrication of evidence claim and whether the claim rests upon the alleged fabrication of evidence beyond purportedly-fabricated statement(s) by Herndon.

2

- Identify each and every way in which Watkins claims that the fabricated evidence was used against him, including which Defendant(s) used the fabricated evidence and when it was used;
- Identify the constitutional provision(s) that Watkins claims were violated by each alleged fabrication of evidence.[2] If Watkins brings fabrication of evidence claims under more than one constitutional provision, he shall plead the violations of separate constitutional provisions as separate counts; and
- Identify how Watkins claims that he was injured by each use of fabricated evidence.

The Court next turns to the malicious prosecution claims in the First Amended Complaint. If Watkins is bringing those claims under both the constitution and the common law, he shall plead those claims (and the facts that could tend to support the elements of those claims) as separate counts. In addition, in each malicious prosecution count, Watkins shall:

- Identify with specificity each alleged act(s) by each Defendant on which his malicious prosecution claim(s) are based and when he claims that each act occurred;
- Identify which constitutional provisions, if any, were violated by each Defendant who is alleged to have maliciously prosecuted him; and

---

[2] If Watkins is claiming that different constitutional provisions apply to different acts by the Defendant(s) and/or different time frames of his incarceration, he shall specifically and separately identify which constitutional provisions apply to which acts and which time periods.

- Identify how he was injured by each Defendant(s) that he claims maliciously prosecuted him.

Each count of the First Amended Complaint shall be directed at <u>one</u> Defendant and shall include only <u>one</u> claim. For instance, Count I of Watkins' initial Complaint is titled "Constitutional Violations by Individual Defendants Pursuant to 42 U.S.C. § 1983." (Compl., ECF #1 at Pg. ID 28.) In that single count, Watkins appears to bring multiple different constitutional claims against different Defendants related to the fabrication of evidence, the refusal to turn over potentially exculpatory evidence, malicious prosecution, civil conspiracy, and municipal liability. In contrast, in the First Amended Complaint, Watkins shall plead each of his separate claims against each Defendant individually on a claim-by-claim basis. And within each separate count, Watkins shall include specific factual allegations that address the topics listed in the bullet-points above.[3]

Watkins shall file his First Amended Complaint by no later than **December 21, 2018**. The Court does not anticipate allowing Watkins a second opportunity to amend his Complaint to add factual allegations that he could include in his First Amended Complaint. Defendants shall answer or otherwise respond to the First Amended Complaint by no later than **January 21, 2019**. If Healy chooses to file a motion to dismiss the First Amended

---

[3] It will not be sufficient for Watkins to "incorporate by reference" in each count factual allegations addressing the subjects raised in the bullet-points above that may be included in the "general allegations" section of the First Amended Complaint. The factual allegations that could tend to support each count shall be pleaded in that count. The Court needs this level of specific factual pleading within each count in order to properly evaluate the claims.

Complaint, he may incorporate by reference the factual background section and any applicable legal arguments included in his initial motion to dismiss. He may also address any new allegations that Watkins makes in the First Amended Complaint.

Therefore, for the reasons stated above:

- Watkins is **DIRECTED** to file a First Amended Complaint as set forth in this order; and

- Healy's Amended Motion to Dismiss (ECF #21) is **TERMINATED WITHOUT PREJUDICE AS MOOT.**

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764