UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEDURA WATKINS,

    Plaintiff,
                                          Case No. 17-cv-13940
                                          Hon. Matthew F. Leitman
v.

ROBERT H. HEALY, *et al.*,

    Defendants.
_____/

**<u>ORDER (1) VACATING BRIEFING SCHEDULE (ECF #50) ON MOTION FOR RECONSIDERATION (ECF #49); (2) DIRECTING DEFENDANT HEALY TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION; AND (3) SETTING NEW BRIEFING SCHEDULE</u>**

In 1976, Plaintiff Ledura Watkins was convicted of first-degree murder in state court and sentenced to life in prison without the possibility of parole. In 2017, the state trial court vacated Watkins' conviction and released him from custody based on a finding that certain expert testimony admitted against Watkins at trial – asserting that Watkins' hair matched a hair found on the victim – was unreliable. Watkins has now filed this civil-rights action against the City of Detroit and certain individuals involved in his arrest and prosecution, including Defendant Robert H. Healy, a former state-court prosecutor. (*See* Am. Compl., ECF #30.) Watkins alleges that in 1975-76 Healy fabricated evidence against him and maliciously

1

prosecuted him. Watkins asserts claims against Healy for violation of the Fourth and Fourteenth Amendments.

Healy previously moved to dismiss Watkins' federal claims on a number of grounds, including that they are time-barred by the applicable three-year statute of limitations. (*See* Mot. to Dismiss, ECF #34.) In support of that argument, Healy argued, among other things, that Watkins could have brought his claims against Healy immediately after his conviction in the 1970's even though Watkins had not yet prevailed in the underlying criminal proceedings. Healy contended that Watkins' claims thus accrued and expired in the 1970's.

Healy also argued that the decision of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), "does not apply retroactively to resurrect stale claims." (Mot. to Dismiss, ECF #34 at Pg. ID 34. *See also* 7/22/2019 Hearing Tr., ECF #48 at Pg. ID 10068.) In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment … a § 1983 plaintiff must prove that the conviction or sentence has been [terminated in the plaintiff's favor]." *Heck*, 512 U.S. at 486-87. The Supreme Court also held that "a cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90. In the words of the Sixth Circuit, "*Heck* established a delayed accrual

date in cases" involving challenges to allegedly-unconstitutional convictions and sentences. *Harrison v. Michigan*, 722 F.3d 768, 772 (6th Cir. 2013).

The Court denied Healy's motion to dismiss Watkins' claims as time-barred. (*See* Op. and Order, ECF #47.) In that ruling, the Court did not focus on Healy's argument that *Heck* is not retroactive. Instead, the Court concluded that Healy failed to show that Watkins could have brought his claims against Healy in the 1970's without first prevailing in his criminal proceedings. (*See id.* at Pg. ID 9961-70; 9991-92.) Based upon that conclusion, the Court ruled that Healy had not established that Watkins' claims accrued and expired in the 1970's. (*See id.*)

Healy has now filed a motion for reconsideration. (*See* Mot., ECF #49.) In that motion, Healy directs the Court case law that, he says, stands for the proposition that Watkins could have brought his claims in the 1970's even though he had not yet prevailed in the criminal proceedings. According to Healy, these cases establish that Watkins' claims accrued and originally expired in the 1970's. These cases deserve careful consideration by Watkins and the Court.

But the cases cited by Healy are not necessarily dispositive of whether Watkins' claims are time-barred. Watkins' claims could conceivably be viable today if *Heck's* delayed-accrual rule applies retroactively to cases that were not pending on direct review when *Heck* was decided. If *Heck* does so apply, then at least some of Watkins' claims may be deemed to have accrued in 2017 – when he obtained

3

relief from his criminal conviction. Thus, it may be essential for the Court to determine whether *Heck* applies retroactively to cases that were not pending on direct review when it was decided.

Healy has never cited substantial authority in support of his contention that *Heck* does not apply retroactively, nor has he analyzed whether to apply *Heck* retroactively through the lens of the Supreme Court's retroactivity jurisprudence. And it is not obvious that *Heck* does not apply retroactively. Indeed, some courts have suggested that *Heck* may, perhaps, apply retroactively to cases that were not pending on direct review when *Heck* was decided. *See, e.g.*, W*alden v. City of Chicago*, 391 F.Supp.2d 660 (N.D. Ill. 2005) (suggesting that in light of *Heck*, a claim brought in 2004 challenging a 1952 conviction may not be time barred where the plaintiff was given a full innocence pardon in 2002); *Lisker v. City of Los Angeles*, 2013 WL 1276047 (C.D. Cal. Feb. 4, 2013); *Swift v. City of Detroit*, 2012 WL 32683 (E.D. Mich. Jan. 6, 2012).[1]

---

[1] The three cases that the Court identifies above are simply examples of decisions indicating that *Heck* may apply retroactively to cases that were not pending on direct review when *Heck* was decided. There may be many other cases discussing whether *Heck* does, or does not, apply retroactively to such cases. In the parties' forthcoming briefs, the Court expects the parties to thoroughly research this question and to identify and discuss the most on-point authorities discussing whether *Heck* applies retroactively to cases that were not pending on direct review when *Heck* was decided.

4

As the Court proceeds to consider Healy's motion for reconsideration, the Court would benefit substantially from full briefing on the question of whether *Heck* applies retroactively. Accordingly, the Court directs Healy to file a supplemental brief (1) applying the rules governing the retroactivity of Supreme Court decisions to *Heck* and analyzing whether under those rules *Heck* applies retroactively to cases that were not pending on direct review when it was decided and (2) analyzing the cases that have considered whether *Heck* applies retroactively to cases that were not pending on direct review when *Heck* was decided.

Healy shall file his supplemental brief addressing the subjects identified above by **September 25, 2019**. Watkins shall then file a combined response to Healy's motion for reconsideration and Healy's supplemental brief by **October 23, 2019**. Healy may file a reply in support of the motion for reconsideration (and may offer reply arguments on the *Heck* issue as well) by **November 6, 2019**.

The briefing schedule (ECF #50) previously established by the Court in connection with Healy's motion for reconsideration is **VACATED**.

**IT IS SO ORDERED**.

Dated: August 28, 2019

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 28, 2019, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (810) 341-9764